

ATTORNEYS AT LAW
GRAYBAR BUILDING | 420 LEXINGTON AVENUE | NEW YORK NY 10170
212.687.6262 | FAX 212.687.3667 | BARTONESQ.COM

Eric W. Sleeper　　　　　　　　　　　　　　　　　　　　esleeper@bartonesq.com

April 14, 2011

<u>Via Electronic Mail</u>
Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 1004-1408

　　Re:　<u>Waterscape Resort LLC</u>
　　　　<u>Case No. 11-11593 (SMB)</u>

Dear Judge Bernstein:

　　We write as counsel to Pavarini McGovern LLC ("Pavarini"), a secured creditor of Waterscape Resort LLC (the "Debtor"), with a claim of more than $15 million. There are also a number of additional secured creditors of the Debtor (collectively, "Subcontractors") with claims each exceeding $1 million or more. We write more specifically in response to the Debtor's motion, filed late yesterday, for (I) an interim order authorizing use of cash collateral and setting a final hearing, and (II) a final Order authorizing use of cash collateral (the "Cash Collateral Motion").

　　The Debtor filed its single asset real estate Chapter 11 case a little over a week ago. At that time, the Debtor filed virtually no first-day pleadings and has not filed any Schedules or Statement of Affairs but has strongly suggested nonetheless that it will be seeking to move this case on a fast-tracked basis.

　　At approximately 4:00 p.m. yesterday the Debtor, for the first time, sought to serve its Cash Collateral Motion upon Pavarini and other interested parties, including certain of the Subcontractors. It appears that the Debtor served notice of its Motion on approximately one-tenth (1/10) of the creditors listed in its own Creditors Matrix [Docket No.1] -- so a significant portion of the Debtor's creditor body is likely to be unaware of this substantive Motion. At the same time, there is no committee of creditors appointed in this case. Additionally, other than presumably discussions the Debtor had with its bank lenders, Pavarini is unaware that the Debtor discussed or negotiated the terms of the Cash Collateral Motion with any of its other secured creditors, the top three of which are owed more than $17.5 million according to the Debtor as

<a>
</a>



disclosed in Exhibit B to its Local Rule 1007-2 Declaration, dated April 5, 2011 [Docket No.2].

So, while the Debtor's Motion addresses it's lenders' alleged perfected liens and adequate protection it seeks to provide those lenders, it says virtually nothing about its other secured creditors' liens or any protections therefore.

The absence of discussions with the Debtor's other secured creditors is notable as the Debtor is aware (although it has unsurprisingly made no mention of it in its pleadings filed to date), Pavarini and the Subcontractors, prepetition, had raised and were pursuing discovery of the Debtor (including a contempt motion against the Debtor) on the absence of significant trust funds, accounting for those absent funds, and the fiduciary responsibilities that the Debtor has with respect to the same. Those trust fund issues now raise the question as to whether, and to what extent, authorization to use case collateral improperly impacts trust funds which are not property of the estate and should be beyond utilization by the Debtor or its estate.

Additionally, a preliminary review of the proposed budget submitted with the Debtor's Motion notes what appears to be the full cost of the office lease for corporate offices at 34th Street in Manhattan being placed on the Debtor and its estate. However, the Debtor itself has disclosed that it and its principals have several non-debtor businesses, affiliated or otherwise, raising the not insignificant issue of what expenses lease, corporate personnel/capital expenditure, and "management fee" wise should be borne by the Debtor and its bankruptcy estate and what is, in fact, attributable to other businesses of the Debtor's principals. Indeed, the Debtor's own Motion indicates that almost two-thirds of its "Interim Budget" are being earmarked to fund non-debtor affiliates costs.

Given the limited and minimal notice of the hearing on the Debtor's Motion, Pavarini respectfully submits that any **(if any)** authorization to use cash collateral, and the proferred budget for it, be limited, at this time, to only the period between now and a timely final hearing (a hearing which given the Debtor's attempted fast track proceedings should be less than 30 days from now). Pavarini also reserves all its rights and objections for a final hearing on the Debtor's Cash Collateral Motion.

Respectfully yours,

Eric W. Sleeper

cc: Attached Service List

# WATERSCAPE RESORT LLC MASTER SERVICE LIST

Lee W. Stremba  
Troutman Sanders LLP  
The Chrysler Building          lee.stremba@troubtmansanders.com  
405 Lexington Avenue  
New York, NY 10174-0700

United States Trustee  
33 Whitehall Street  
21st Floor          212-668-2255@fax2mail.com  
New York, NY 10004

LOAR Corporate Servicing, Inc.  
Attn: Armando Rodriguez  
P.O. Box 737          914-969-0070@fax2mail.com  
Yonkers, NY 10704

c/o Patty Castle  
A&A Maintenance  
965 Midland Avenue          Via First Class Mail  
Yonkers, NY 10704

Miron & Sons Linen Service  
220 Coster Street  
Bronx, NY 10474-7121          miron.markus@mironandsons.com

Canfield Madden  
Attn: John Madden  
230 Park Avenue          johnpmadden@cs.com  
Suite 2525  
New York, NY 10169

Holland & Knight  
Attn: Frederick R. Rohn  
31 West 52nd Street          frederick.rohn@hklaw.com  
New York, NY 10019

Koni Corp.  
Ann: Mark Golden  
9654 Siempre Viva Road          619-710-0951@fax2mail.com  
Suite 1-2  
San Diego, CA 92154

Mark David
Attn: Mark A. Norcross
621 Southwest Street                    336-883-2961@fax2mail.com
High Point, NC 27260

US Bank National Association
c/o Greg Yates, Esq.
Seyfarth Shaw                           gyates@seyfarth.com
620 8th Avenue
New York, NY 10018

Pavarini McGovern LLC
352 Park Avenue South
New York, NY 10010                      brendan.moynihan@pavmcgovern.com
Attn: Ed McGovern

USB Capital Resources, Inc.
c/o Greg Yates, Esq.
Seyfarth Shaw                           gyates@seyfarth.com
620 8th Avenue
New York, NY 10018

160 Broadway Concrete Corp.
d/b/a Broadway Concrete
160 Broadway                            janet_colon.212-346-9601@fax2mail.com
New York, NY 10038

John Civetta & Sons, Inc.
1123 Bronx River Avenue
Bronx, NY 10472                         718-991-8398@fax2mail.com

Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022-3205                 harveystrickon@paulhastings.com
Attention: Harvey A. Stricken, Esq.

Internal Revenue Service
290 Broadway, 5th Floor                 Via First Class Mail
New York, NY 10007

Mark J. Lawless, Esq.
250 West 57'h Street, #1316
New York, NY 10107                      MLAWL34463@aol.com