TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Lee W. Stremba, Esq.
Brett Goodman, Esq.
Telephone: (212) 704-6000

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WATERSCAPE RESORT LLC | ) | Case No. 11-11593 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FOURTH AGREED ORDER AUTHORIZING**
**INTERIM USE OF CASH COLLATERAL**

**THIS MATTER** came before the Court for hearing on April 14, 2011 at 4:00 p.m. (the "**Interim Hearing**"), on May 19, 2011 at 10:00 a.m. (the "**Second Interim Hearing**"), on June 23, 2011 and July 13, 2011 (collectively, the "**Third Interim Hearing**") and on August 18, 2011 ( the "**Fourth Interim Hearing**") on the *Motion of the Debtor for (1) an Interim Order Authorizing Use of Cash Collateral and Setting Final Hearing, and (2) a Final Order Authorizing Use of Cash Collateral* (the "**Motion**") filed by Waterscape Resort LLC, the debtor and debtor in possession in the above-captioned Chapter 11 case (the "**Debtor**").

**WHEREAS**, the Debtor and the Lenders (as defined below) have stipulated to the following facts:

    1.  On April 5, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this Court.

2. No trustee or official committee of unsecured creditors has been appointed in the Debtor's case, and the Debtor continues in possession of its properties and operating its business as a Debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Background**

3. The Debtor's business is the ownership and operation of a high rise, mixed use condominium building known as Cassa Hotel and Residences, located at 66-70 West 45th Street, New York, New York (the "**Asset**").

4. The Debtor is indebted to U.S. Bank National Association ("**U.S. Bank**") with respect to (i) a building mortgage loan having an outstanding principal balance (excluding accrued interest, late fees, attorneys' fees or other costs, expenses and charges) of $94,871,542.63 as of the Petition Date, and (ii) an acquisition mortgage loan having an outstanding principal balance (excluding accrued interest, late fees, attorneys' fees or other costs, expenses and charges) of $31,321,306.00 as of the Petition Date.

5. The Debtor is also indebted to USB Capital Resources, Inc. f/k/a USB Capital Funding Corp. ("**USB Capital**" and, together with U.S. Bank, the **"Lenders"**) with respect to a mezzanine/ mortgage loan having an outstanding principal balance (excluding accrued interest, late fees, attorneys' fees or other costs, expenses and charges) of $8,045,557.04 as of the Petition Date.

6. Pursuant to that certain (i) Consolidated, Amended and Restated Building Loan Mortgage, Assignment of Rents and Security Agreement, dated as of June 11, 2007, in favor of U.S. Bank (as amended from time to time, the **"Building Loan Mortgage"**), (ii) Consolidated, Amended and Restated Acquisition Loan Mortgage, Assignment of Rents and Security Agreement, dated as of June 11, 2007, in favor of U.S. Bank (as amended from time to

time, the **"Acquisition Loan Mortgage"**), (iii) Assignment of Leases and Rents, dated as of June 11, 2007, in favor of U.S. Bank (as amended from time to time, the **"U.S. Bank Assignment"**), (iv) Consolidated, Amended and Restated Acquisition Loan Mortgage, Assignment of Rents and Security Agreement (Acquisition Loan B), dated as of June 11, 2007, in favor of USB Capital (as amended from time to time, the **"Mezzanine Loan Mortgage"**) (collectively, the Building Loan Mortgage, the Acquisition Loan Mortgage and the Mezzanine Loan Mortgage shall be referred to herein as the **"Mortgages"**), and (v) that certain Assignment of Leases and Rents, dated as of June 11, 2007, in favor of USB Capital (as amended from time to time, the **"USB Capital Assignment"** and, together with the U.S. Bank Assignment, the **"Assignments"**), the Debtor (a) granted to Lenders a perfected security title and security interest in and to the Asset, and (b) assigned to the Lenders all of its rights, title and interests in and to all leases, subleases, licenses or occupancy agreements of any portion of the Asset and the rents, issues and profits arising therefrom.

7. Pursuant to the Mortgages and the Assignments, the Lenders hold a perfected security title, lien, security interest, and assignment in and to the Asset and all leases, rents, income, and profits therefrom, all tangible and intangible property located at or related to the Asset, and all cash and non-cash proceeds thereof (collectively, the "**Collateral**"). All rents, income, issues, and profits arising from the Asset, whether arising before or after the commencement of the Debtor's case, shall be referred to herein as the "**Cash Collateral**".

8. The Debtor desires to use a portion of the Cash Collateral during a period of approximately forty-five (45) days from the date of this Fourth Agreed Order Authorizing Use of Cash Collateral (the "**Fourth Interim Order**") through the date of a subsequent cash collateral hearing, whether interim or final, as scheduled below (the "**Fourth Interim Period**"), to

preserve, maintain, and support the Asset and the continuing business operations thereof in accordance with a fourth interim budget (the "**Fourth Interim Budget**") attached as **Exhibit "A"** to this proposed Fourth Interim Order. The parties have agreed to the entry of this Fourth Interim Order to allow Debtor to use the Cash Collateral in the possession of the Debtor pursuant to the Fourth Interim Budget and to provide the Lenders adequate protection pursuant to 11 U.S.C. §§361 and 363 during the Fourth Interim Period. Consent by the Lenders is given only with respect to the period set forth herein, and is without prejudice any objections of any kind that the Lenders may have with regard to the further use of Cash Collateral including, without limitation, (i) that the Debtor has no interest in the Cash Collateral and thus same are not property of the estate and (ii) that the Cash Collateral may not be used by the Debtor absent the provision to the Lenders of adequate protection payments.

9. In the Motion, the Debtor seeks authorization to use Cash Collateral pursuant to, *inter alia*, 11 U.S.C. §363(c)(2)(B) and Bankruptcy Rule 4001(b). The Debtor served the Motion in compliance with Federal Rule of Bankruptcy Procedure 4001(b), as service was made on (i) the five largest secured creditors of the Debtor, which includes all secured creditors who have an interest in the Cash Collateral, (ii) the U.S. Trustee and (iii) the twenty (20) largest unsecured creditors of the Debtor, as no unsecured creditors committee had been appointed in this Chapter 11 Case.

10. The Lenders do not oppose the limited and temporary use of Cash Collateral in the possession of the Debtor, but only upon the terms and conditions set forth in this Second Interim Order. The Lenders have insisted upon adequate protection of the Lenders' interests in the Cash Collateral, and the Debtor agrees that the Lenders are entitled to adequate

protection under sections 361 and 363 of the Bankruptcy Code pending a further interim hearing or a final hearing on the Motion as provided in this Second Interim Order

11. The form of this Third Interim Order has been agreed to by the Debtor and the Lenders.

**THE COURT HEREBY FINDS THAT:**

12. Based on the agreement of the parties hereto, the presentations at the Interim Hearing, the Second Interim Hearing, the Third Interim Hearing and the Fourth Interim Hearing, the record in this matter, and being otherwise duly advised in the premises, and for good cause shown, the Court hereby finds as follows:

(a) As evidenced by an Affidavit of Service, dated April 13, 2011 filed by the Debtor, the Debtor served the Motion in compliance with Federal Rule of Bankruptcy Procedure 4001(b), as service was made on (i) the twenty (20) largest unsecured creditors for the Debtor, as no unsecured creditors committee has been appointed in this Chapter 11 Case; (ii) the five (5) largest secured creditors of the Debtor, which includes all secured creditors who have an interest in the Cash Collateral, (iii) the Office of the United States Trustee; and (iv) all persons who have filed notices of appearance in this Chapter 11 Case.

(b) On April 14, 2011, this Court held a hearing with respect to the Debtor's request for the Interim Order, and on April 15, 2011, this Court entered the Interim Order (Docket No. 13) providing for the Debtor's use of Cash Collateral during the period from the date of the Interim Order through May 19, 2011, the date scheduled for the Second Interim Hearing.

(c)     As evidenced by an Affidavit of Service, dated April 15, 2011 by the Debtor, on April 15, 2011, in compliance with the provisions of the Interim Order, the Debtor served a notice of entry of the Interim Order and notice of the Second Interim Hearing on:  (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for any official committee appointed in this Chapter 11 Case; and (d)  the Internal Revenue Service.

(d)     As evidenced by an Affidavit of Service, dated May 17, 2011 filed by the Debtor, on May 18, 2011 the Debtor served a copy of the proposed Second Interim Order and Second Interim Budget on (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for any official committee appointed in this Chapter 11 Case; and (d)  the Internal Revenue Service.

(e)     On May 19, 2011, this Court held a hearing with respect to the Debtor's request for a Second Interim Order, and on May 20, 2011, this Court entered the Second Interim Order (Docket No. 67) providing for the Debtor's use of Cash Collateral during the period from the date of the Interim Order through June 23, 2011, the date scheduled for a Final Hearing.

(f)     As evidenced by an Affidavit of Service, dated May 20, 2011, filed by the Debtor, on May 20, 2011 the Debtor served notice of entry of the Second Interim Order and notice of the Third Cash Collateral Hearing on (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a

request for notices with this Court; (c) counsel for any official committee appointed in this Chapter 11 Case; and (d) the Internal Revenue Service.

(g) At the Third Interim Hearing on June 23, 2011, by endorsement on the record, the Court continued the Third Interim Hearing until July 13, 2011 and granted an extension of the Debtor's authority to use Cash Collateral until the continued date of the hearing.

(h) On July 13, 2011, this Court held a hearing with respect to the Debtor's request for a Third Interim Order, and on July 15, 2011, this Court entered the Third Interim Order (Docket No. 123) providing for the Debtor's use of Cash Collateral during the period from the date of the Third Interim Order through August 18, 2011, the date scheduled for a Fourth Cash Collateral Hearing.

(i) As evidenced by an Affidavit of Service, dated July 19, 2011, filed by the Debtor, on July 19, 2011 the Debtor served notice of entry of the Third Interim Order and notice of this Fourth Cash Collateral Hearing on (a) the parties having been given notice of the prior interim hearings; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for the official committee appointed in this Chapter 11 Case; and (d) the Internal Revenue Service.

(j) As evidenced by an Affidavit of Service, dated August 15, 2011, filed by the Debtor, on August 15, 2011 the Debtor served a notice of this proposed Fourth Interim Order on (a) the parties having been given notice of the prior interim hearings; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for the official committee appointed in this Chapter 11 Case; and (d) the Internal Revenue Service.

(k) The Debtor has requested the Lenders' consent, and the Lenders have consented, to the entry of the Fourth Interim Order rather than a Final Order because an interim order, substantially similar to the interim orders heretofore entered in this Chapter 11 Case, is good and sufficient for the parties' purposes and will avoid the additional time and cost that would be required to negotiate and obtain approval for a Final Order. An interim order is good and sufficient under the present circumstances given that the Debtor's Second Amended Plan of Reorganization (the "**Plan**") has been confirmed and will become effective upon the sale of the Debtor's hotel, which the Debtor estimates will occur around the end of September, 2011. By agreeing to a further interim order, the Lenders and the Debtor will both be able to revisit the issue of the Debtor's cash collateral usage at the end of September, 2011, if necessary, based upon the then current status of the hotel closing and the Plan.

(l) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

(m) Due and sufficient notice of the Fourth Interim Hearing and of this Fourth Interim Order has been given by the Debtor.

(n) The interim relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a further hearing on the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

13. The Motion is granted on a temporary, interim, limited basis according to the terms and provisions of this Fourth Interim Order.

14. The Debtor is authorized and permitted to use Cash Collateral during the period from the date of this Fourth Interim Order through 11:59 p.m. (Eastern Time) on the date

of the next interim or final cash collateral hearing as scheduled below (as previously defined, the "**Fourth Interim Period'**) for the sole and exclusive purpose of paying the actual and necessary expenses incurred on or after the Petition Date in the ordinary course of the operation and maintenance of the Asset, but only in the amounts and to the extent such expenses are included in the Fourth Interim Budget. Any variance from the Fourth Interim Budget shall be subject to the prior written approval of the Lenders.

15. Notwithstanding anything to the contrary stated above the Debtor may not use any Cash Collateral during the Fourth Interim Period for any expenses not detailed in the Fourth Interim Budget, except as allowed by a separate order of this Court or consented to in writing by the Lenders (the "**Prohibited Uses**").

16. All Cash Collateral not disbursed by the Debtor in accordance with this Fourth Interim Order shall be maintained by the Debtor in its operating accounts.

17. In the event that Debtor believes that a use of Cash Collateral for Prohibited Uses is necessary, Debtor shall provide the Lenders with written notice by email of the proposed expenditure and a written explanation supporting the immediate use of Cash Collateral for the proposed expenditure. Such written explanation shall include the specific nature of such proposed expenditure. In the event that Lenders do not approve the expenditure within a forty-eight (48) hour notice period, or by 2:00 p.m of the next business day if such notice period ends on a weekend or legal holiday, the Debtor and Lenders shall seek to resolve such objection promptly, and any objection that the parties cannot resolve may be addressed to the Court by the Debtor or by the Lenders. Notwithstanding the foregoing, in the event that the Debtor in good faith believes that an expenditure for Prohibited Uses of an emergency nature is necessary, the Debtor shall be permitted to make such an expenditure, but in that event the

Debtor shall report the details of such expenditure to the Lenders by the business day following the expenditure.

18. On or before 3:30 p.m (Eastern) of each week day from Monday through Friday during the Fourth Interim Period, the Debtor shall provide the Lenders with a report of the Debtor's hotel occupancy and revenues for the preceding day (the prior three days in the case of a Monday report). On or before 3:30 p.m. (Eastern) of each Thursday during the Interim Period, the Debtor shall provide the Lenders with a detailed report of the cash receipts and disbursements made by the Debtor during the preceding week and cumulatively for the period from the Petition Date through the end of the preceding week. Such report shall present the Debtor's results of operations on a cash basis and not on an accrual basis and shall be certified as true, correct, and complete by a financial officer of the Debtor. In the event that the Debtor is unable to prepare a report on the day required as a result of one or more holidays or days of religious observance, the Debtor shall provide the required report as soon as practicable after such holidays or days of religious observance, but in no event more than two days after such report would otherwise be due. To the extent not included in the foregoing reports, or not previously provided by the Debtor, the Debtor shall also provide to the Lenders: (a) a monthly aged accounts payable report; (b) a monthly status report concerning condominium sales activities (in writing or orally if practicable); and (c) details of affiliate contracts and payments. In the event that the Lenders communicate to the Debtor a question concerning the Debtor's use of Cash Collateral, the Debtor shall use its best efforts to respond to such question within one business day. In addition to the foregoing, the Debtor shall provide the Lenders with a copy of any STAR Reports received by the Debtor.

19. For the purpose of providing any adequate protection required under the Bankruptcy Code to the Lenders for their interests in the Cash Collateral during the Fourth Interim Period, the Debtor shall provide or undertake the following:

(a) The Lenders shall have a continuing lien, title and security interest in post-petition rents, issues and profits to the extent provided by the Mortgages and section 552(b) of the Bankruptcy Code, which lien and security interest shall attach to all post-petition rents, issues and profits from the Asset and shall be perfected without further action by the Lenders. The Lenders shall not have a lien on actions and causes of action pursuant to Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code, including claims against creditors for alleged fraudulent transfers under state law utilizing Section 544 of the Bankruptcy Code.

(b) The Lenders and their authorized representatives shall be permitted reasonable access to the Asset for the purpose of inspection of the condition and management of the Asset, verification of rent rolls and monthly operating reports, and conducting any desired appraisals. Any such inspection shall not unreasonably disrupt the business operations of the Asset and shall occur during normal business hours.

20. Notwithstanding the grant of adequate protection hereunder, in addition to the use of Cash Collateral in accordance with the terms, provisions and conditions of this Fourth Interim Order and the Fourth Interim Budget, the Debtor may use Cash Collateral to pay fees payable to either the United States Trustee or to the Bankruptcy Court (collectively, the "**Statutory Fees**") and reasonable post-conversion fees and expenses of a chapter 7 trustee, whether incurred or payable prior or subsequent to the occurrence and/or continuation of any default by the Debtor with respect to the terms of this Interim Order.

21. Notwithstanding the grant of adequate protection hereunder, in addition to the use of Cash Collateral in accordance with the terms, provisions and conditions of this Fourth Interim Order and the Fourth Interim Budget, the Debtor may use Cash Collateral to pay such fees and disbursements of the Debtor's retained professionals or the Official Committee of Unsecured Creditors' retained professionals as may be authorized by orders of this Court and payable during the Fourth Interim Period.

22. Nothing in this Fourth Interim Order shall be construed as a waiver by the Debtor or the Lenders or any other party in interest of any rights, claims, defenses, or objections they may have (a) with respect to the nature, amount, validity, priority or perfection of any pre-petition claims, liens or security interests asserted against the Debtor or the Debtor's property, (b) with respect to requests for relief from the automatic stay under section 362(d) of the Bankruptcy Code or any subpart thereof, or (c) with respect to demands for adequate protection in addition to that provided by this Interim Order. This Fourth Interim Order is made with an express reservation of rights by the Lenders, the Debtor and any other party in interest, including, without limitation, Pavarini McGovern LLC, to pursue other rights and remedies that they may have under the Bankruptcy Code, including, but not limited to, seeking additional adequate protection of the Lenders' interest in the Collateral, or relief from the automatic stay, or the filing of a subsequent motion to utilize Cash Collateral. Nothing contained in this Fourth Interim Order shall be deemed or construed to be an admission by the Lenders that the Bank is or is not adequately protected.

23. Nothing in this Fourth Interim Order shall authorize the Debtor to use trust funds.

24.     The authority granted to the Debtor to use Cash Collateral under this Fourth Interim Order shall expire at 11:59 p.m. (Eastern Time) on the date of the next cash collateral hearing herein, whether interim or final, as set forth below, unless ordered otherwise by this Court.  Notwithstanding the foregoing, the Debtor's authority to use Cash Collateral as provided herein shall immediately and automatically terminate upon the earliest of (a) the dismissal or conversion of the Debtor's bankruptcy case to a Chapter 7; (b) the appointment of a trustee in the Debtor's bankruptcy case; (c) the sixth (6th) business day after written notice by the Lenders to the Debtor of the non-compliance or default by the Debtor with respect to any of the material terms of this Fourth Interim Order, including, without limitation, the use of Cash Collateral for a Prohibited Use, provided that the Debtor has failed to cure any such non-compliance or default within five (5) business days after such written notice; (d) the entry of an order granting Lenders relief from the automatic stay provisions of Section 362 of the Bankruptcy Code in the Debtor's bankruptcy case; (e) the written agreement of the Lenders and the Debtor; (f) five (5) business days after the termination of the Hotel Sale Contract (as defined in the Debtor's Plan); or (g) the conclusion of the next hearing on the Motion as described in the next paragraph.  The termination of the Debtor's right to use Cash Collateral provided by this Fourth Interim Order shall not affect or in any way impair any right, interest or lien granted to Lenders under this Fourth Interim Order. The Lenders are under no obligation to grant the Debtor an extension of this Fourth Interim Order or to enter into any further agreements with the Debtor, with regard to the use of Cash Collateral or otherwise.

25.     A further hearing (the **"Fifth Cash Collateral Hearing"**) to consider entry of an interim or final cash collateral order permitting the Debtor's use of Cash Collateral is scheduled for **October 13, 2011** at 10:00 a.m.  (Eastern Time) (the "**Fifth Cash Collateral**

**Hearing Date**") before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Courtroom 723 at the United States Bankruptcy Court for the Southern District of New York. Within two business days after entry of this Fourth Interim Order, the Debtor shall serve, by first class mail, fax or email, notice of the entry of this Fourth Interim Order and of the Fifth Cash Collateral Hearing (the "**Hearing Notice**"), together with a copy of this Fourth Interim Order, on: (a) the parties having been given notice of the prior interim hearings; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for the official committee appointed in this Chapter 11 Case; and (d) the Internal Revenue Service. The Hearing Notice shall state that any party in interest objecting to the entry of a Fourth Interim Cash Collateral Order or a Final Cash Collateral Order, as applicable, shall file written objections with the Clerk of the Court no later than on **October 6, 2011** at 5:00 p.m. (Eastern Time), which objections shall be served so as to be received on or before such date by: (i) the Debtor, c/o Troutman Sanders LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174, Attn: Lee W. Stremba, Esq. and Brett D. Goodman, Esq., bankruptcy counsel to the Debtor; (ii) the Lenders, c/o Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Greg R. Yates, Esq., counsel to the Lenders; (iii) the Committee of Unsecured Creditors, c/o Schiff Hardin LLP, 666 Fifth Avenue, New York, NY 10103, Attn: Louis T. DeLucia, Esq., counsel to the Committee of Unsecured Creditors; and (iv) Richard Morrissey, Esq., Office of the United States Trustee, 21 Whitehall Street, 21st Floor, New York, NY 10004.

SO ORDERED by the Court this 18th day of August, 2011.

   /s/ Stuart M. Bernstein
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE