UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                          :
                                                :
WATERSCAPE RESORT LLC,                          :    Chapter 11
                                                :    Case No. 11-11593(SMB)
                              Debtor.           :
---------------------------------------------------------------X

# MEMORANDUM DECISION DENYING
# MOTION FOR PERMISSIVE ABSTENTION

**A P P E A R A N C E S:**

RICHARD J. MIGLIACCIO, ESQ.
Attorney for Waterscape Resort, LLC
Assa Properties Hdqrts.
410 Park Avenue, Suite 1630
New York, New York 10022

SHAPIRO, CROLAND, REISER, APFEL & DI IORIO, LLP
Attorneys for Council for Economic Education
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601

  Alexander G. Benisatto, Esq.
   Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

   The Council for Economic Education ("CEE") leased space from RP Stellar 1140 LLC ("Stellar") at 1140 Avenue of the Americas. In November 2008, CEE and Waterscape entered into a sublease for the space through July 30, 2010. CEE agreed, among other things, to deliver the premises by November 15, 2008, vacant, broom clean, in an "as is" condition and in "working order." Waterscape was entitled to a rent credit of $2,000 for each day that possession was delivered after November 15, 2008. In an agreement among Waterscape, Stellar and CEE,

dated November 18, 2008 (the "Agreement"), Stellar consented to the sublease and agreed that it would do demolition work to make the premises suitable for Waterscape.

CEE contends that it delivered possession on November 21, 2008, and Waterscape received a $12,000 credit. Waterscape claims that delivery did not occur under the sublease until the demolition work was completed and the space was ready for occupancy. According to Waterscape, the demolition work was not properly done, and as a result, it did not obtain occupancy until sometime in December 2008 or January 2009. Waterscape refused to pay its last three months of rent to CEE, claiming that it was entitled to offsets and credits relating, *inter alia*, to the failure to deliver the premises in "working order" until then.

Prior to bankruptcy, Waterscape sued Stellar and CEE in state court for damages relating primarily to the allegedly faulty demolition work, and CEE counterclaimed for the unpaid rent. CEE filed a motion for summary judgment that was fully briefed and pending as of the petition date, but the filing of the bankruptcy petition automatically stayed CEE's counterclaims. *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994). Although the automatic stay did not apply to Waterscape's own claims for relief, Waterscape did not pursue them after filing the chapter 11 case. The parties informed me that the state court case was removed from the calendar but a motion to restore it has been made and is pending.

CEE eventually filed a proof of claim, and Waterscape filed an objection. CEE moved for summary judgment on Waterscape's claim objection, and Waterscape moved for permissive abstention to allow the state court to decide the issue of what, if anything, Waterscape owes CEE. The Court heard and denied the motions for summary judgment and abstention and denied

2

both from the bench.  This memorandum amplifies the reasons for denying the abstention motion.

## DISCUSSION

Pursuant to 28 U.S.C. § 1334(c)(1), a court may abstain from hearing a proceeding within its jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law."  Permissive or discretionary abstention was intended to codify non-bankruptcy judicial abstention doctrines, *Coker v. Pan Am. World Airways (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d Cir. 1991), which recognizes "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

The movant bears the burden of establishing that permissive abstention is warranted. *Bickerton v. Bozel S.A. (In re Bozel, S.A.)*, 434 B.R. 86, 102 (Bankr. S.D.N.Y. 2010).  The following factors inform the Court's discretion:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*, No. 94 B 44488(JGH), 1999 WL 294995, at *3 (S.D.N.Y. May 11, 1999) (quoting *In re Craft Architectural Metals Corp.*, 115 B.R. 423, 432 (E.D.N.Y. 1989)); *accord New York City Emps. Ret. Sys. v. Ebbers (In*

3

*re Worldcom Secs. Litig.)*, 293 B.R. 308, 332 (S.D.N.Y. 2003); *Masterwear Corp. v. Rubin Baum Levin Constant & Friedman (In re Masterwear Corp.)*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999). "Not all of these factors need be applied, however." *In re Portrait Corp. of Am.*, 406 B.R. 637, 642 (Bankr. S.D.N.Y. 2009) (citing *Cody, Inc. v. County of Orange & Town of Woodbury (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002)). In addition, the "balance [of the factors] should be 'heavily . . . in favor of the exercise of jurisdiction.'" *Id.* (quoting *Eastern Air Lines, Inc. v. Int'l Assoc. of Machinists & Aerospace Workers, AFL–CIO (In re Ionosphere Clubs, Inc.)*, 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989)).

Some of the relevant factors weigh in favor of abstention. Although a claim objection is a core matter, the substance of the dispute is a pre-petition claim for breach of contract based on New York law. In addition, the only basis for the bankruptcy court's jurisdiction over the claim objection is 28 U.S.C. § 1334(b). CEE's argument that 28 U.S.C. § 157(b) is a separate and broader jurisdictional grant to the Bankruptcy Court misunderstands bankruptcy jurisdiction. This Court's bankruptcy jurisdiction is based on the grant of jurisdiction under § 1334(b) to the District Court, and the District Court's standing order of reference issued pursuant to 28 U.S.C. § 157(a). Section 157(b) simply ticks off a non-exclusive list of core matters.

Most of the factors, however, militate against permissive abstention. The state law issues are neither difficult nor unsettled. Furthermore, the resolution of the claim objection is intertwined with the effective administration of the bankruptcy case. The Court cannot fully administer the case and enter a final decree until the claims objections are resolved. The proceeding is not a burden on the Court's docket, and does not involve forum shopping. Waterscape's contrary argument is frivolous – it filed this chapter 11 case, required CEE to file

4

its claim and then objected to that claim, triggering the claims allowance process.  Lastly, there is no right to a jury trial to resolve a claim objection.

In addition, Waterscape has failed to prove that it is feasible to resolve the rent claim in state court.  Waterscape confirmed its plan by order dated July 21, 2011.  The confirmation discharged the pre-confirmation claim held by CEE except as otherwise provided in the plan. *See* 11 U.S.C. § 1141(d)(1).  The plan included an injunction against the continuation of any action to collect a pre-confirmation claim except to the extent that an *allowed* Class 5 [unsecured] claim was not paid in accordance with the plan.  (*Debtor's Second Amended Plan of Reorganization*, dated July 21, 2011, at § 7.1(a), (d).)  Since CEE holds a claim that is not allowed by virtue of Waterscape's objection, *see* 11 U.S.C. § 502(a), the plan injunction prevents it from prosecuting its claim in state court.  Furthermore, the state court case has been marked off of the calendar, and no one has moved for relief from the plan injunction to permit CEE to restore it.  The parties have neither raised nor briefed the status of CEE's state court claim, and it must be left for another day.

Nor has Waterscape shown that the Court is unable to resolve the claim objection in Stellar's absence.  Waterscape asserted claims in state court against Stellar and CEE, alleging that they were involved in a joint venture.  Waterscape posits that CEE is, therefore, jointly responsible with Stellar for the latter's breaches of the Agreement, including Stellar's faulty demolition work and resulting delay in Waterscape's occupancy.

In considering the summary judgment motion, the Court concluded that the joint venture theory lacked factual and legal merit.  "The essential elements [of a joint venture] are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution

5

by the coventurers to the joint undertaking (*i.e.*, a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses." *Ackerman v. Landes*, 493 N.Y.S.2d 59, 60 (N.Y. App. Div. 1985).  Waterscape's principal support for the joint venture theory comes from paragraph 5 of the Agreement which required CEE to pay Stellar 50% of the profit generated as a result of the sublease "in accordance with the Lease."

The profit sharing requirement was imposed under Article 45(B)(h) of the Rider to the Prime Lease, and reflected Stellar's leverage to extract some additional consideration for consenting to a future sublease.  Paragraph 5 of the Agreement effectuated the profit sharing requirement imposed under the Prime Lease, and does not indicate a contemporaneous intent to create a joint venture.  Furthermore, the Agreement does not require Stellar to share CEE's losses (such as Waterscape's failure to pay rent for three months), does not grant CEE any control over Waterscape (other than what is granted under the sublease), and does not require CEE to perform any demolition work or provide Waterscape with any services.

On balance, and given the Court's unflagging obligation to exercise the jurisdiction conferred upon it, the motion for permissive abstention is denied.

Submit order.

Dated: New York, New York
       March 5, 2013

                                          /s/ *Stuart M. Bernstein*
                                          STUART M. BERNSTEIN
                                          United States Bankruptcy Judge